THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

| | | |
|---|---|---|
| HERMINO LOPEZ-SAGASTE, AKA RAMON MONTOYA-LEAL, | ) | Case No. 2:06CV00211 DS |
| | | (Crim. 2:04CR430 DS) |
| PETITIONER, | ) | |
| vs. | ) | MEMORANDUM DECISION AND ORDER |
| UNITED STATES OF AMERICA , | ) | |
| RESPONDENT. | ) | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*


Hermino Lopez-Sagaste petitions the court to vacate, set aside or correct his sentence pursuant to 28 U.S.C. § 2255.  On September 1, 2004, Petitioner pled guilty to a charge of illegal re-entry of a previously removed alien in violation of 8 U.S.C. § 1326.  He was sentenced on November 9, 2004, to 46 months incarceration. At that same hearing Petitioner was also given a consecutive  sentence of 6 months incarceration for violation of supervised release in a companion case, 2:99cr0141 DS.  Judgement was entered on November 17, 2004.  No direct appeal was taken.

The present action is untimely because it was initiated after expiration of the limitations period.  As amended by the Antiterrorism and Effective Death Penalty Act, 28 U.S.C. § 2255 includes a one-year limitations period for federal prisoners to

file Section 2255 motions.[1]  Where as in this case, a defendant

does not pursue a timely appeal, the conviction and sentence become

final and the one-year limitations period begins running upon the

expiration of the time for filing the appeal.  *See United States* v.

*Burch*, 202 F.3d 1274, 1278-79 (10ᵗʰ Cir. 2000).  The time for filing

a notice of appeal expired approximately November 27, 2004, 10 days

after judgment was entered on November 17, 2004. *See* Fed. R. App.

P.  4(b)(1)(A)(stating that "[i]n a criminal case, a defendant's

notice of appeal must be filed in the district court within 10 days

... of ... the entry of either the judgment or the order being

---

[1]Title 28 U.S.C. § 2255 provides in relevant part as follows:

     A 1-year period of limitation shall apply to a
motion under this section.  The limitation period shall
run from the latest of-
     (1)the date on which the judgment of conviction
becomes final;
     (2)the date on which the impediment to making a
motion created by governmental action in violation of the
Constitution or laws of the United States is removed, if
the movant was prevented from making a motion by such
governmental action;
     (3)the date on which the right asserted was
initially recognized by the Supreme Court, if that right
has been newly recognized by the Supreme Court and made
retroactively applicable to cases on collateral review;
or
     (4)the date on which the facts supporting the claim
or claims presented could have been discovered through
the exercise of due diligence.

appealed"). Because Mr. Lopez-Sagaste filed his Petition more than one year after his sentence became final his Petition is untimely and must be dismissed.

IT IS SO ORDERED.

DATED this 29th day of March, 2006.

                                        BY THE COURT:


                                        _____
                                        DAVID SAM
                                        SENIOR JUDGE
                                        UNITED STATES DISTRICT COURT